Debt on a bond, and plea of a certificate of bankruptcy (126) to the defendant as a voluntary bankrupt, granted by the District Court of the United States. The plaintiff replied that, at the time the defendant exhibited his petition in bankruptcy, he was seized of a certain tract of land specified, and owned certain slaves also specified, and that he did not set forth the same as a part of his property in the petition, or any inventory annexed thereto, but fraudulently and willfully concealed the same, and by means of such fraudulent and willful concealment of the said land and slaves procured the said court to declare him a bankrupt and decree him the certificate of his discharge.
Under these pleadings the parties drew up a case agreed, stating the following facts: Mary Boyd owned the land and negroes specified in the replication, and intermarried with Smallwood, the defendant, on 17 October, 1835; but, before the marriage, by a deed of marriage settlement made by and between herself, Smallwood and George Boyd, she conveyed the land in fee, and the slaves to George Boyd as a trustee, in trust for herself until the marriage, and afterwards in trust to and for her separate use, free and clear of any interest, control or power of the intended husband, and in trust to convey the same to any persons she might appoint in her lifetime, or by her last will, as if she were sole, and in case she should fail to make an appointment of any part of the property, then in trust as to it for her *Page 100 
next of kin. The deed was proved before the clerk of the County Court, 16 November, 1835, and registered the same day. The defendant did not include in his inventory any part of the land or negroes mentioned in the deed, and omitted, failed, and neglected to set out or disclose the same in any part of the proceedings in bankruptcy.
It was agreed between the parties that if the court should, upon these facts, think the plaintiff was entitled to recover, judgment should be entered for the principal money mentioned (127) in the bond, and interest; and if otherwise, then judgment for the defendant.
The court was of opinion with the defendant, and gave judgment accordingly, and the plaintiff appealed.
The deed was not properly proved before the clerk, and, not being duly proved according to the directions of the act, it was void as against the husband's creditors. Sandersv. Ferrill, 23 N.C. 97; Smith v. Garey, 22 N.C. 42. But, admitting the property to have been in the defendant for the benefit of his creditors, it is not the necessary consequence that his certificate of bankruptcy can be impeached and avoided for the omission to insert that property in his inventory or (131) otherwise disclose it to the court sitting in bankruptcy. For such omission may have been innocent, as the defendant might not have been aware of the legal insufficiency of the probate, or, indeed, might not have known how, in point of fact, the deed was proved; and the act of Congress does not invalidate the discharge for every omission of property, but only "for some fraud or willful concealment of property contrary to the provisions of this act." As the previous parts of the act require the party to file with his petition "an accurate inventory of his property, rights and credits, of every name, kind and description, and the location and situation of each and every parcel and portion thereof," it could hardly be expected that any discharge would stand, if the mere failure to give in some one article of property, however inconsiderable, and though unknown to the bankrupt, would invalidate it; for no person, or very few indeed, can furnish such inventory, including by accurate description every parcel or portion of his property or rights. Therefore, although it is made his duty to give such an inventory upon his oath — and he ought to come as nigh the exact truth as he can — yet a mistake or omission in making the *Page 101 
inventory is not to affect the certificate, but only a fraudulent and willful concealment. The certificate is avoided by the act as a punishment for the dishonesty of the applicant, and that is solely the policy of the provision. For the insertion or the omission of property in the inventory is of no consequence to the rights of the assignee or creditors, except as it may promote the convenience or inconvenience of getting it in and disposing of it, since the bankrupt act, unlike our insolvent act, vests in the assignee "all the property and rights of property, of every name and nature, and whether real, personal or mixed," and not merely that which is inserted in the schedule. It is plain, therefore, that the term "willful concealment" means, in this act, a fraudulent and dishonest attempt to withdraw from the use of his creditors property which the bankrupt knew they were entitled to have, and that, to that end, he corruptly (132) and knowingly omitted to disclose it. The replication in this case puts the point on the quo animo, and does so correctly; and, therefore, it was incumbent on the plaintiff to establish the bad purpose imputed to the defendant. That is properly an inquiry for a jury; and it is not perceived how the Court could give a judgment for the plaintiff upon a case agreed, in which the willful concealment was not stated in terms or did not necessarily result from other facts stated. Prima facie, there is a presumption in favor of innocence. But in the present case the fraud of the defendant is not directly admitted, nor can it be reasonably inferred; but, on the contrary, the honesty of his error and omission is hardly to be questioned. It was not his part to have the custody of the deed, nor to have it proved, nor to take any control over the property; nor does it appear that he had any reason to believe that the deed was not properly proved and registered, or that he ever set up any claim to any part of the property. Although, then, the property itself may be subject to the claim of his creditors through the assignee, yet the defendant himself and his subsequent acquisitions are protected from prior debts.
PER CURIAM. Judgment affirmed.
Cited: Knabe v. Hayes, 71 N.C. 111. *Page 102 
(133)